UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA FRISKE and JONATHAN GHAZAL,

Plaintiff,

Case No.
Hon.

v.

MARRIOTT INTERNATIONAL, INC. and JOHN DOE,

Defendants.

MOSS & COLELLA, P.C.
BY: A VINCE COLELLA (P49747)
ELENA T. KAATZ (P85501)
*Attorneys for Plaintiff*
28411 Northwestern Hwy., Suite 1150
Southfield, MI 48034
248-945-0100 / F: 248-945-1801
vcolella@mosscolella.com
ekaatz@mosscolella.com
wbush@mosscolella.com

**COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other pending or resolved
civil action arising out of the transaction or
occurrence alleged in this Complaint.

/s/ A. Vince Colella
A. Vince Colella (P49747)

NOW COME Plaintiffs, MELISSA FRISKE and JOHNATHAN GHAZAL, by and through their attorneys, MOSS & COLELLA, P.C., by A.

VINCE COLELLA, and for their Complaint and Demand for Jury Trial state as follows:

## PRELIMINARY STATEMENT

1. This case arises out of serious and permanent injuries Plaintiff MELISSA FRISKE sustained, including a right Lisfranc dislocation requiring surgery for midfoot fusion. Defendant JOHN DOE, an employee of Defendant MARRIOTT INTERNATIONAL, INC., located at the St. Regis Bahia Beach Resort, Puerto Rico, negligently drove a golf cart towards Plaintiffs causing Plaintiff FRISKE to fall off the boardwalk and sustain injuries. Defendant JOHN DOE was driving the golf cart at nighttime with its headlights on and pointed directly at Plaintiffs, thereby blinding them. Being unable to see the path of the golf cart approaching, Plaintiff FRISKE stepped to the side to avoid being hit by the golf cart, that was refusing to stop or yield to Plaintiff, and in doing so, fell off the boardwalk.
2. There is also a premises claim against Defendant MARRIOTT INTERNATIONAL INC., as the wooden boardwalk that Plaintiff FRISKE fell off was defective as it had no warnings or safety precautions, including but not limited to a handrail.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

4. Plaintiff MELISSA FRISKE resides in the County of Oakland, State of Michigan, within the geographical boundaries of the Eastern District of Michigan.

5. Plaintiff JONATHAN GHAZAL resides in the County of Oakland, State of Michigan, within the geographical boundaries of the Eastern District of Michigan.

6. Defendant JOHN DOE is an employee of Defendant MARRIOTT and upon information and belief resides in Puerto Rico.

7. Defendant MARRIOTT INTERNATIONAL INC., is foreign profit corporation incorporated in the State of Delaware with its principal place of business in the State of Maryland.

8. At all relevant times, MARRIOTT owned and/or operated and/or controlled and/or maintained and/or managed the premises comprising a hotel where the subject injury occurred, The St Regis Bahia Beach Resort, Puerto Rico (hereinafter “the Hotel”), located at 2 PR-198, Rio Grande, 00745, Puerto Rico.

9. Jurisdiction is based on 28 U.S.C. § 1332.

10. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

11. The substantive law applicable to this diversity case is Michigan law. *Sutherland v Kennington Truck Service, Ltd*, 454 Mich 274; 562 NW2d

466 (1997); *see also Brandt v Starwood Hotels & Resorts Worldwide, Inc*, 2004 US Dist LEXIS 25596 (ED Mich Dec 14, 2004).

**COMMON ALLEGATIONS**

12. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

13. On June 16, 2025, Plaintiffs FRISKE and GHAZAL, a married couple, were patrons and business invitees of Defendant MARRIOTT's hotel, the St. Regis Bahia Beach Resort, Puerto Rico.

14. On the aforementioned date, at approximately 8:30 p.m., Plaintiff FRISKE and Plaintiff GHAZAL were walking along an elevated wooden boardwalk located in an inadequately illuminated area, on the property of the Hotel, when they encountered a golf cart driven by Defendant JOHN DOE, an employee of the Hotel.

15. Defendant JOHN DOE had the golf cart's headlights on pointed directly at Plaintiffs, blurring Plaintiff FRISKE's vision and making it difficult, if not impossible, to determine the path of the golf cart as it was coming towards her.

16. Being blinded by the headlights and unsure of whether the golf cart would stop or swerve before hitting her, Plaintiff FRISKE stepped to the side to avoid being hit by the oncoming golf cart and in doing so tripped and fell off the boardwalk and into the ground.

17. Upon information and belief, Defendant JOHN DOE turned the headlights off at the last second before passing Plaintiffs on the path.

18. Defendant JOHN DOE was at the time engaged in official duties as an employee, contractor, or agent of Defendant MARRIOTT.

19. There were no signs or other warnings to patrons such as Plaintiffs that there was a potentially dangerous condition present, or that they could expect golf cart traffic in the area.

20. The area was also inadequately illuminated, and there were no safety precautions to prevent patrons like Plaintiff FRISKE from falling off the walkway, including but not limited to a handrail.

21. Plaintiffs FRISKE and GHAZAL were not acting in any negligent fashion nor in any unforeseeable fashion.

22. Plaintiff FRISKE returned home to the State of Michigan and sought medical attention for her right foot at Henry Ford Hospital – West Bloomfield and underwent surgery there on July 9, 2025.

23. As a direct and proximate result of the negligence of Defendants, Plaintiff FRISKE sustained severe and potentially permanent injuries including but not limited to a right Lisfranc dislocation requiring surgery for midfoot fusion.

24. As a further direct and proximate result of the negligence of Defendants, Plaintiff FRISKE has and will into the future suffer physical and mental

and emotional pain and suffering, loss of enjoyment of life and its avocations, loss of future earning capacity, disability, disfigurement, humiliation, embarrassment, and other economic and non-economic damages which may arise through the process of litigation.

25. Furthermore, as a direct and proximate result of the negligence of Defendants, Plaintiff FRISKE has and will in the future incur economic damages associated with medical care and treatment as well as lost wages and other damages available under Michigan law.

**COUNT I: NEGLIGENCE AGAINST DEFENDANT JOHN DOE**

26. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

27. Defendant JOHN DOE owed a duty of care to Plaintiffs, as well as other persons there, to operate the golf cart in a safe, careful, and prudent manner, as well as in accordance with all applicable Michigan state statutes and common law.

28. Defendant JOHN DOE did negligently, willfully, and wantonly, and with a failure of due care and caution breach said duties by:

a. Failing to operate his golf cart with due caution and circumspection in a manner so as not to endanger or be likely to endanger any person lawfully present;

b. Failing to operate the golf cart at a careful and prudent speed not greater than was reasonable and proper, having due regard to the traffic, surface, and width of the pathway, and any other condition existing at the time;

c. Carelessly operating the golf cart;

d. Knowingly proceeding towards pedestrians, including Plaintiffs, on the boardwalk path, at nighttime with the golf cart headlights pointing directly at, and thereby blinding them;

e. Failing to yield to pedestrians, including Plaintiffs, already walking on the wooden boardwalk;

f. Driving a golf cart on a pedestrian walkway;

g. Committing other violations of law and breaches of duties identified during the course of discovery.

29. As a direct and proximate result of the negligence of Defendant JOHN DOE, Plaintiff FRISKE sustained severe and potentially permanent injuries including but not limited to a right Lisfranc dislocation requiring surgery for midfoot fusion.

30. As a further direct and proximate result of the negligence of Defendant JOHN DOE, Plaintiff FRISKE has and will into the future suffer physical and mental and emotional pain and suffering, loss of enjoyment of life and its avocations, loss of future earning capacity, disability, disfigurement, humiliation, embarrassment, and other economic and non-economic damages which may arise through the process of litigation.

31. Furthermore, as a direct and proximate result of the negligence of Defendant JOHN DOE, Plaintiff FRISKE has and will in the future incur economic damages associated with medical care and treatment as well as lost wages and other damages available under Michigan law.

**COUNT II: NEGLIGENCE (PREMISES LIABILITY) AGAINST DEFENDANT MARRIOTT INTERNTIONAL, INC**

32. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

33. Defendant MARRIOTT owed Plaintiffs a duty to use reasonable care in maintaining its premises in a reasonably safe condition and to provide adequate and timely notice of any and all hazardous and/or dangerous conditions which Defendant knew or had reason to know existed.

34. Notwithstanding said duties, Defendant MARRIOTT did negligently, willfully, wantonly, and with failure of due care and caution breach said duties in one or more of the following ways:

a. Failing to maintain the premises under their control in a reasonably safe condition;

b. Failing to inspect the premises under Defendant's control for dangerous and/or hazardous conditions which they knew, or in the exercise of reasonable care should have known, would pose an unreasonable risk of harm to Plaintiffs and all others lawfully upon said premises;

c. Failing to eliminate any and all dangerous and/or hazardous conditions that Defendant knew, or in the exercise of reasonable care should have known, would pose an unreasonable risk of harm

to Plaintiffs and all others lawfully upon said premises and/or common areas under their control;

d. Failing to give notice or warn Plaintiffs, the business invitees, and all others lawfully upon said premises, of the existence of the hazardous and/or dangerous condition, when Defendant knew, or should have known, the potential for injury was not readily observable;

e. Permitting a defective, unsafe boardwalk design to support pedestrian and golf cart traffic with no protections against high risk falls from the boardwalk;

f. Permitting a defective boardwalk design in that it could not support safe pedestrian and golf cart traffic;

g. Permitting a nuisance to stand unabated despite actual knowledge of the hazardous and/or dangerous condition thereby presented; and

h. Other breaches to be identified throughout the course of discovery.

35. As a direct and proximate result of the negligence of Defendant MARRIOTT, Plaintiff FRISKE suffered a fall, resulting in serious and potentially permanent injuries as herein described.

36. As a direct and proximate result of the negligence of Defendant MARRIOTT, Plaintiff FRISKE has and will into the future suffer physical and mental and emotional pain and suffering, loss of enjoyment of life and

Case 8:26-cv-02621-PX Document 1 Filed 12/08/25 Page 10 of 14

its avocations, loss of future earning capacity, disability, disfigurement, humiliation, embarrassment, and other economic and non-economic damages which may arise through the process of litigation.

37.Furthermore, as a direct and proximate result of the negligence of Defendant MARRIOTT, Plaintiff FRISKE has and will in the future incur economic damages associated with medical care and treatment as well as lost wages and other damages available under Michigan law.

**COUNT III: VICARIOUS LIABILITY / RESPONDEAT SUPERIOR AGAINST DEFENDANT MARRIOTT INTERNATIONAL, INC**

38.Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

39.At all material times hereto, Defendant JOHN DOE was employed by and/or acting within the course and scope of his employment as an agent, ostensible agent, assign, or representative of Defendant MARRIOTT.

40.The actions and conduct of Defendant MARRIOTT's employee, Defendant JOHN DOE, as alleged and incorporated herein, were in furtherance of the business objectives of the employer.

41. Defendant MARRIOTT is vicariously liable for the intentional acts of its employee, Defendant JOHN DOE, made in furtherance of its business objectives.

42.As a direct and proximate result of the actions, conduct, and omissions of MARRIOTT's employee, Defendant JOHN DOE, Plaintiff FRISKE

Case 8:26-cv-02621-PX Document 1 Filed 12/08/25 Page 11 of 14

suffered a fall, resulting in serious and potentially permanent injuries as herein described.

43. As a further direct and proximate result, Plaintiff FRISKE has and will into the future suffer physical and mental and emotional pain and suffering, loss of enjoyment of life and its avocations, loss of future earning capacity, disability, disfigurement, humiliation, embarrassment, and other economic and non-economic damages which may arise through the process of litigation.

44. Furthermore, as a direct and proximate result, Plaintiff FRISKE has and will in the future incur economic damages associated with medical care and treatment as well as lost wages and other damages available under Michigan law.

**COUNT IV: LOSS OF CONSORTIUM AGAINST DEFENDANTS**

45. Plaintiffs adopt and incorporate by reference all preceding paragraphs as through fully set forth herein.

46. Plaintiff GHAZAL is Plaintiff FRISKE's husband and was so at the time of the subject incident described herein.

47. As a direct and proximate consequence of Defendants' negligence, failures, and/or other conduct complained of, Plaintiff GHAZAL has a claim for loss of consortium and damage to the marital relationship.

WHEREFORE, Plaintiffs MELISSA FRISKE and JOHNATHAN GHAZAL, respectfully requested this Honorable Court enter a judgment in their favor and against Defendants MARRIOT INTERNATIONAL INC., and JOHN DOE in whatever amount the Court deems just in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, and attorney fees so wrongfully sustained and other relief as may be deemed appropriate under the circumstances.

Respectfully submitted,

MOSS & COLELLA, P.C.

By: /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
(248) 945-0100
vcolella@mosscolella.com

Dated: December 8, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA FRISKE and JONATHAN GHAZAL,

Plaintiff,

Case No.
Hon.

v.

MARRIOTT INTERNATIONAL, INC. and JOHN DOE,

Defendants.

MOSS & COLELLA, P.C.
BY: A VINCE COLELLA (P49747)
ELENA T. KAATZ (P85501)
*Attorneys for Plaintiff*
28411 Northwestern Hwy., Suite 1150
Southfield, MI 48034
248-945-0100 / F: 248-945-1801
vcolella@mosscolella.com
ekaatz@mosscolella.com
wbush@mosscolella.com

**DEMAND FOR JURY TRIAL**

NOW COME Plaintiffs, MELISSA FRISKE and JONATHAN GHAZAL, by and through their attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and hereby respectfully request jury trial in the above captioned matter.

Respectfully submitted,

MOSS & COLELLA, P.C.

By: /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
(248) 945-0100
vcolella@mosscolella.com

Dated: December 8, 2025